# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3141

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| Zachary Hrasky, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  June 02, 2009
Filed:  June 10, 2009

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

COLLOTON, Circuit Judge.

After this court reversed the district court's order suppressing evidence that was seized from Zachary Hrasky's vehicle after a traffic stop and arrest on July 2, 2004, *United States v. Hrasky*, 453 F.3d 1099 (8th Cir. 2006), *cert. denied*, 127 S. Ct. 2098 (2007), Hrasky pleaded guilty to unlawful possession of a firearm as a previously convicted felon.  Hrasky appealed, seeking to preserve his Fourth Amendment claim for further review, and we affirmed. *United States v. Hrasky*, 309 F. App'x 83 (8th Cir. 2009) (per curiam).  Hrasky petitioned for rehearing, and while the petition was pending, the Supreme Court decided *Arizona v. Gant*, 129 S. Ct. 1710 (2009), which addressed the search-incident-to-arrest exception to the warrant requirement of the Fourth Amendment. *Gant* rejected the reading of *New York v. Belton*, 453 U.S. 454

(1981), that "predominated" in the courts of appeals, namely, that the Fourth Amendment "allow[s] a vehicle search incident to the arrest of a recent occupant even if there is no possibility the arrestee could gain access to the vehicle at the time of the search." *Gant*, 129 S. Ct. at 1718. The Court held instead that "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Id.* at 1723.

In light of *Gant*, we called for the United States Attorney to respond to Hrasky's petition for rehearing. The government now concedes that under the rule announced in *Gant*, the search of Hrasky's vehicle violated the Fourth Amendment, because Hrasky was handcuffed in a law enforcement vehicle at the time of the search. Further, while asserting that "the officers were completely justified in conducting the search incident to arrest in 2004, based upon the clear state of the law as set forth in *New York v. Belton*," the government makes no argument in this case for application of a good-faith exception to the exclusionary rule, *cf. Illinois v. Krull*, 480 U.S. 340 (1987), and expressly concedes that "due to the Supreme Court's decision in *Arizona v. Gant*, the two handguns seized from Appellant's vehicle should be suppressed." As a result, the government concludes, "the conviction on appeal must be vacated."

Expressing no view on whether good-faith reliance on *Belton* would justify an exception to the exclusionary rule if the argument is raised in another case, we grant Hrasky's petition for rehearing, apply the government's concessions in this appeal, vacate the judgment of the district court, and remand for further proceedings.

_____